**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 07 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL ALAKOZAI and STEVEN PITTS, individually and on behalf of all others similarly situated,

              Plaintiffs - Appellees,

  v.

CHASE INVESTMENT SERVICES CORP.,

              Defendant - Appellant.

No. 12-55553

D.C. No. 2:11-cv-09178-SJO-JEM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted February 5, 2014[**]
Pasadena, California

Before: KLEINFELD, SILVERMAN, and HURWITZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Chase Investment Services Corporation appeals the district court's denial of its motion to compel arbitration of plaintiffs' class action claims. We have jurisdiction pursuant to 9 U.S.C. § 16 and affirm.

The district court did not err by denying Chase's motion to compel arbitration. The Federal Arbitration Act ensures that private arbitration agreements "are enforced according to their terms." *Momot v. Mastro*, 652 F.3d 982, 986 (9th Cir. 2011) (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010). We apply contractual interpretation rules, and the intention of the parties controls. *Id.* The plain language of the arbitration agreement incorporates Financial Industry Regulatory Authority (FINRA) Rules and requires arbitration of individual claims, but excludes class claims from arbitration. The agreement contains no waiver of plaintiffs' rights to bring class action claims against Chase. It merely provides that class claims cannot be arbitrated by FINRA. Because the district court has not yet addressed class certification in this case, FINRA Rule 13204(d) precludes enforcement of the arbitration agreement at this time.

**AFFIRMED**.